AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

1514 Worthington Row Drive, Columbus, OH 43235

Case No. 2:19-mj-766

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Southern___ District of ___Ohio___
*(identify the person or describe the property to be searched and give its location):*

SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

SEE ATTACHMENT B

**YOU ARE COMMANDED** to execute this warrant on or before ___Oct 7 2019___ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Kimberly A. Jolson, or any U.S. Magistrate Judge___
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☑ for __30__ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___Sept 23, 2019 3:10 pm___

City and state: ___Columbus, Ohio___   ___Kimberly A. Jolson, U.S. Magistrate Judge___
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:

*Executing officer's signature*

*Printed name and title*

## ATTACHMENT A

### DESCRIPTION OF PREMISES AND PROPERTY TO BE SEARCHED

The property to be searched is **1514 Worthington Row Drive Columbus, OH 43235** along with the curtilage of the property, any detached outbuildings, detached garages, or vehicles on the property. The premises is described as one unit of a two story multi-family apartment building in Franklin County, Ohio. The structure is comprised of a light tan colored siding and brown brick with white trim, brown shingled roof, and a red front door. The dark colored numerals "1514" are displayed above the front door. This multi-family apartment building sits on the east side of Worthington Row Drive with the front door facing southeast.

## ATTACHMENT B

### ITEMS TO BE SEIZED

**All items found at the locations described in Attachment A that relate to violations of 21 U.S.C. § 846 including:**

1. Controlled substances, materials that drugs were shipped in and/or used to package for sale, drug paraphernalia used to administer or ingest controlled substances, and equipment related to the sale, manufacture, processing and storage of controlled substances, including but not limited to all cooking equipment, chemicals, packaging materials, scales, presses, adulterants, diluents, strainers, measuring spoons, scales, grinders, etc.;

2. Log books, records, payment receipts, notes, and/or customer lists, ledgers and other papers relating to the transportation, ordering, purchasing, processing, storage and distribution of controlled substances, including all records of income and expenses, for the past five years;

3. Papers, tickets, notices, credit card receipts, travel schedules, travel receipts, passports, and other items relating to travel to obtain and distribute narcotics and narcotics proceeds for the past five years. Evidence of such travel is often times maintained by narcotics traffickers in the form of airline receipts, bus tickets, automobile rental receipts, credit card receipts, travel schedules, diaries, hotel receipts, logs, travel agency vouchers, notes, cellular telephone tolls and records of long distance telephone calls;

4. Books, records, invoices, receipts, records of real estate transactions, auto titles, financial

statements, bank statements, cancelled checks, deposit tickets, passbooks, money drafts, withdrawal slips, certificates of deposit, letters of credit, loan and mortgage records, money orders, bank drafts, cashier's checks, bank checks, safe deposit box keys, money wrappers, wire transfer applications and/or receipts, fictitious identification, and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditure of money. These records should include both records of drug trafficking, manufacturing of fraudulent identification documents, and legitimate business operations for the past five years;

5. Electronic equipment, such as telephone answering machines, telephone caller identification boxes, video and audiocassette tapes, pagers (digital display beepers), and any stored electronic communications contained therein;

6. Cellular telephone(s) and/or portable cellular telephone(s) and any stored electronic communications contained therein;

7. United States currency, precious metals, jewelry, gold coins, and financial instruments, including, but not limited to, stocks and bonds;

8. Photographs of co-conspirators, assets and/or narcotics, including still photos, negatives, video-tapes, films, slides, undeveloped film and the contents therein;

9. Address and/or telephone books, rolodex indices, and any papers reflecting names, addresses, telephone numbers, pager numbers, and fax numbers of co-conspirators, sources of supply, storage facilities, customers, financial institutions, and other individuals or businesses with

whom a financial relationship exists;

10. Indicia of occupancy, residency, rental and/or ownership of the premises described above or vehicles located thereon, including, but not limited to, utility and telephone bills, cancelled envelopes, keys, deeds, purchase lease agreements, land contracts, titles and vehicle registrations;

11. The opening, search and removal, if necessary, of any safe or locked receptacle or compartment, as some or all of the property heretofore may be maintained;

12. Any and all computers and information and/or data stored in the form of magnetic or electronic coding on computer media, on media capable of being read by a computer, or other recorded media. This includes but it is not limited to computer software, software manuals, tapes, CD's, diskettes, stored electronic communications, taped messages, electronic date/memo minders, address books, word processors, passwords, backup storage devices, audio tape and the contents therein, containing the related information generated by the aforementioned electronic equipment;

13. Firearms and ammunition, including but not limited to handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons and any record or receipt pertaining to firearms and ammunition;

14. Any other items which constitute evidence of a violation of 21 U.S.C. § 846 (conspiracy to distribute and possess with intent to distribute a controlled substance).